**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHESTER SMALKOWSKI, *et al.*,   ) | |
|                                                            ) | |
| Plaintiffs,                     ) | |
|                                                            ) | |
| v.                                                      ) | Case No. CIV-06-845-M |
|                                                            ) | |
| HARDESTY PUBLIC SCHOOL DISTRICT, *et al.*  ) | |
|                                                            ) | |
| Defendants.                ) | |

**ORDER**

Before the Court is "Defendant Megan Kennedy's Motion for Summary Judgment" [docket no. 14], filed September 11, 2006. On September 25, 2006, Plaintiffs filed their response. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

Plaintiffs Chester and Nadia Smalkowski are the parents of N.S. and C.S. who were once students at Hardesty High School ("Hardesty High") in the Hardesty Public School District. N.S. was a member of the Hardesty High girls' basketball team. Plaintiffs allege that in November of 2004, Defendant Ernest Cook ("Cook"), former Hardesty High girls' basketball coach, told N.S. and other team members to recite The Lord's Prayer before a basketball game and that N.S. refused. Plaintiffs allege that, as a result of N.S.'s refusal, she was made to go to the locker room and was subsequently removed from the basketball team under the pretext of false allegations.

According to Plaintiffs, the preceding events were repeated in November of 2005. Specifically, they allege that N.S. again tried to participate with the girls' basketball team, was forced to recite The Lord's Prayer, and was again falsely accused of stealing. Plaintiffs also allege that N.S. was falsely accused of threatening another student and suspended from school. Additionally, Plaintiffs allege that N.S. and C.S. were harassed and threatened by former

Superintendent David Brewer's son and others, that the school failed to create a safe environment conducive to education, and that Chester and Nadia Smalkowski were forced to remove N.S. and C.S. from the school because they feared for their safety.

Further, Plaintiffs allege that on or around November 27, 2005, Plaintiff Chester Smallkowski went to the home of Defendant Lloyd Buckley, Hardesty High School Principal, in an attempt to have N.S. reinstated to the basketball team. Defendant Buckley and Plaintiff Chester Smalkowski became involved in a physical altercation. At some point thereafter, Plaintiff Chester Smalkowski was arrested and charged by Defendant Megan Kennedy, Texas County District Attorney, with aggravated assault and battery. On June 22, 2006, after a jury trial, Plaintiff Chester Smalkowski was found not guilty.

On August 11, 2006, Plaintiffs filed the instant action asserting various claims under 42 U.S.C. § 1983 for violations of their First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendment rights. Defendant Kennedy moves for summary judgment on all of Plaintiffs' claims against her.

II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

(1986); *Simms v. Okla. ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if [, viewing the full record,] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, a defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cited in Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

III.   DISCUSSION

   A.   Claims against Defendant Kennedy in her individual capacity

"[I]ndividual capacity suits seek to impose personal liability upon a government official for actions he takes while acting under color of state law." *Johnson v. Bd. of County Comm'rs for County of Freemont*, 85 F.3d 489, 493 (10th Cir. 1996)(internal citations and quotations omitted). Plaintiffs assert, in essence, that Defendant Kennedy, in her individual capacity, conspired with other individuals to prosecute Plaintiff Chester Smalkowski for his religious views. Plaintiffs' allegations against Defendant Kennedy are based, in large part, on the fact that Plaintiff Chester

Smalkowski was found not guilty.

"[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993) *quoted in Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). "The rationale for granting absolute immunity in each of these instances is to allow prosecutors and those performing equivalent functions 'the latitude to perform their [quasi-judicial] tasks absent the threat of retaliatory Section 1983 litigation.'" *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991) (quoting *Snell v. Tunnell*, 920 F.2d 673, 686-87 (10th Cir. 1990)).

Accordingly, the Court finds that Plaintiffs' claims appear to be based on Defendant Kennedy's preparation of and performance during Plaintiff Chester Smalkowski's trial, and that, therefore, Defendant Kennedy is entitled to absolute prosecutorial immunity.[1] Accordingly, the Court finds that such claims are barred and that Defendant Kennedy is entitled to summary judgment thereon.

    B.    <u>Claims against Defendant Kennedy in her official capacity</u>

Liability under § 1983 is restricted to "persons," and the Supreme Court has concluded that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Court finds that Plaintiffs' claims against Defendant Kennedy, in her official capacity, regarding alleged violation of their Constitutional rights should be dismissed.

---

[1] To the extent Plaintiffs assert that Defendant Kennedy is stripped of absolute immunity because she conspired with other individuals who are not entitled to absolute immunity (i.e. non-immune parties), the Tenth Circuit has rejected this view. *See Hunt*, 17 F.3d at 1267.

## IV.  CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS "Defendant Megan Kennedy's Motion for Summary Judgment" [docket no. 14].

**IT IS SO ORDERED this 17th day of August, 2007**.

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE