**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHESTER SMALKOWSKI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-845-M |
| | ) | |
| HARDESTY PUBLIC SCHOOL DISTRICT, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is "Defendants Koch and Hardesty's Motion to Dismiss" [docket no. 12], filed September 11, 2006. On September 25, 2006, Plaintiffs filed their response, and on October 11, 2006, Defendants filed their reply. Also, on May 24, 2007, Defendants filed "Defendants Hardesty and Koch's Supplement to Their Motion to Dismiss." This matter has been fully briefed and is now ripe for adjudication.

I.  INTRODUCTION

Plaintiffs Chester and Nadia Smalkowski are the parents of N.S. and C.S. who were once students at Hardesty High School ("Hardesty High") in the Hardesty Public School District. N.S. was a member of the Hardesty High girls' basketball team. Plaintiffs allege that in November of 2004, Defendant Ernest Cook ("Cook"), former Hardesty High girls' basketball coach, told N.S. and other team members to recite The Lord's Prayer before a basketball game and that N.S. refused. Plaintiffs allege that, as a result of N.S.'s refusal, she was made to go to the locker room and was subsequently removed from the basketball team under the pretext of false allegations.

According to Plaintiffs, the preceding events were repeated in November of 2005. Specifically, they allege that N.S. again tried to participate with the girls' basketball team, was forced to recite The Lord's Prayer, and was again falsely accused of stealing. Plaintiffs also allege

that N.S. was falsely accused of threatening another student and suspended from school. Additionally, Plaintiffs allege that N.S. and C.S. were harassed and threatened by former Superintendent David Brewer's son and others, that the school failed to create a safe environment conducive to education, and that Chester and Nadia Smalkowski were forced to remove N.S. and C.S. from the school because they feared for their safety.

Further, Plaintiffs allege that on or around November 27, 2005, Plaintiff Chester Smalkowski went to the home of Defendant Lloyd Buckley, Hardesty High School Principal, in an attempt to have N.S. reinstated to the basketball team. Defendant Buckley and Plaintiff Chester Smalkowski became involved in a physical altercation. At some point thereafter, Plaintiff Chester Smalkowski was arrested and charged by Defendant Megan Kennedy, Texas County District Attorney, with aggravated assault and battery. Plaintiffs. On June 22, 2006, after a jury trial, Plaintiff Chester Smalkowski was found not guilty. Additionally, Plaintiffs allege that Defendant Koch failed to interview witnesses that were favorable to Plaintiffs Chester Smalkowski and N.S.

On August 11, 2006, Plaintiffs filed the instant action asserting various claims under 42 U.S.C. § 1983 for violations of their First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendment rights. Defendants Guy Koch ("Koch"), a Hardesty Police Officer, and his employer The Town of Hardesty Oklahoma ("Hardesty") move to dismiss all of Plaintiffs' claims against them.

## II.   STANDARD FOR DISMISSAL[1]

Motions to dismiss a complaint for failure to state a claim should be granted "only [when]

---

[1] The Court has not considered any matter outside of the pleadings in analyzing the instant motion, including the affidavit of Plaintiff Nadia Smalkowski attached to Plaintiffs' response to the instant motion.

it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The issue in reviewing the sufficiency of Plaintiffs' Complaint is not whether they will prevail, but whether they are entitled to offer evidence to support their claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in Plaintiffs' Complaint and view them in a light most favorable to Plaintiffs. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must construe the pleadings liberally and make all reasonable inferences in favor of Plaintiffs. *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993). However, the Court need not accept as true Plaintiffs' conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.   DISCUSSION

    A.   First Amendment Establishment Clause Claims

Plaintiffs assert that Koch violated the establishment clause of the First Amendment because N.S. was, essentially, forced to pray. Having carefully reviewed Plaintiffs' Complaint, and accepting as true all well-pleaded facts and viewing those facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have failed to sufficiently allege an establishment clause claim as to Koch or Hardesty. Specifically, the Court finds that Plaintiffs have made no allegations that Koch or his employer Hardesty ever required N.S. to recite The Lord's Prayer or any prayer for that matter. Accordingly, the Court finds that the instant motion should be granted as to Plaintiffs' First Amendment claim.

    B.   Fourth Amendment claim

Plaintiffs assert a claim for malicious prosecution under the Fourth Amendment based on the

assault and battery charge that was brought against Plaintiff Chester Smalkowski. Under Oklahoma law, in order for Plaintiffs to prevail on a claim for malicious prosecution, they must establish: (1) the bringing of the original action by Defendants; (2) its successful termination in their favor; (3) want of probable cause; (4) malice; and (5) damages. *Parker v. City of Midwest City*, 850 P.2d 1065, 1067 (Okla. 1993). Having carefully reviewed Plaintiffs' Complaint, and accepting as true all well-pleaded facts and viewing those facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have failed to sufficiently allege their Fourth Amendment claim as to Koch or Hardesty. Specifically, Plaintiffs fail to allege any specific facts showing that there was a lack of probable cause for Plaintiff Chester Smalkowski's arrest. Further, all of Plaintiffs' allegations of malice are directed to other Defendants. Accordingly, the Court finds that Plaintiffs' allegations in support of their Fourth Amendment claim are insufficient and that the instant motion should be granted with regard thereto.

### C. Fifth Amendment Claim

"In determining whether an individual has been deprived of his right to procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and if so, then (2) was the individual afforded an appropriate level of process." *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1135 (10th Cir. 1994); *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996).

Having carefully reviewed Plaintiffs' Complaint, and accepting as true all well-pleaded facts and viewing those facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have not sufficiently pled their procedural due process claims against Koch or Hardesty. Specifically, Plaintiffs have failed to identify any process to which they were due that either Koch or Hardesty

denied them. Additionally, Plaintiffs do not allege that either Koch or Hardesty exercised any control over the procedures employed by the school in dealing with N.S. As such, the Court finds that the instant motion should be granted as to Plaintiffs' Fifth Amendment claim.

### D.      Sixth Amendment Claim

The Sixth Amendment provides a criminal defendant the right "to be confronted with the witnesses *against* him." U.S. Const. amend. VI (emphasis added). Plaintiffs assert that Koch violated their right to confront witnesses because he refused to take the statements of witnesses who were willing to speak *on Plaintiffs' behalf*. Having carefully reviewed Plaintiffs' Complaint, and accepting as true all well-pleaded facts and viewing those facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have not alleged a cognizable Sixth Amendment claim against Koch or Hardesty.

### E.      Eighth Amendment Claim

"The Eighth Amendment provides all criminal defendants a right to be free from excessive bail." *Galen v. County of Los Angeles*, 322 F. Supp. 2d 1045, 1051 (D. Cal. 2004) (citing *Wagenmann v. Adams*, 829 F.2d 196 (1st Cir. 1987)). This means "that a person may not be capriciously held." *Carlisle v. Landon*, 73 S.Ct. 1179 (1953). While "[r]equirement of bail in an amount that staggers the imagination is obviously a denial of bail," *id*., "[b]ail is not excessive simply because the defendant cannot post it." *Galen*, 322 F. Supp. 2d at 1052. Rather, "[i]t is the unreasoned denial of bail that the Constitution condemns." *Id*. Violation of this right can give rise to a claim under 42 U.S.C. § 1983.

Having carefully reviewed Plaintiffs' Complaint, and accepting as true all well-pleaded facts and viewing those facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have

failed to sufficiently allege their Eighth Amendment claim as to Koch or Hardesty. Specifically, the Court finds that Plaintiffs have not alleged that Koch or Hardesty had any authority to grant or to deny bail or to set the amount of any such bail for Plaintiff Chester Smalkowski. Further, Plaintiffs' allegations relating to this claim are sparse and directed to the alleged actions of other Defendants. Accordingly, the Court finds that the instant motion should be granted as to Plaintiffs' Eighth Amendment claim.

### F. Ninth Amendment Claim

The Ninth Amendment provides "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Plaintiffs' Complaint cannot be fairly characterized as articulating a claim under the Ninth Amendment. In fact, beyond merely listing the it as a basis for jurisdiction and venue in this Court, Plaintiffs do not mention the Ninth Amendment at all. Having carefully reviewed Plaintiffs' Complaint, and accepting as true all well-pleaded facts and viewing those facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have not alleged a cognizable Ninth Amendment claim against Defendants. Accordingly, the Court finds that the instant motion should be granted with respect to Plaintiffs' Ninth Amendment claim.

### G. Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause requires that no state deny any person within its jurisdiction the equal protection of the laws. An equal protection violation occurs when the government treats someone differently than another who is similarly situated. *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Having carefully reviewed Plaintiffs' Complaint, and accepting as true all well-pleaded facts and

viewing those facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have not sufficiently plead their equal protection claims against Koch or Hardesty. Specifically, the Court finds that Plaintiffs have failed to allege that either Koch or Hardesty treated them differently than any other similarly situated person. As such, the Court finds that the instant motion should be granted as to Plaintiffs' Fourteenth Amendment equal protection claims.

IV.     CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS "Defendants Koch and Hardesty's Motion to Dismiss" [docket no. 12] and DISMISSES this action as to Defendants Koch and Hardesty.

**IT IS SO ORDERED this 17th day of August, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE